UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| **ZACHARY CROW,** § | Docket No. 7:15-cv-149 | |
| individually and on behalf of all others § | | |
| similarly situated § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | JURY TRIAL DEMANDED | |
| § | 29 U.S.C. §216(b) | |
| § | | |
| **PROPETRO SERVICES, INC.** § | | |
| § | | |
| **Defendant.** § | | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Zachary Crow ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA") from ProPetro Services, Inc. ("ProPetro" or "Defendant"). Plaintiff, and other workers like him, worked for Defendant as operators in excess of 40 hours per week performing largely manual labor job duties. Defendant paid all operators by the hour plus a day-rate or job bonus each day they worked in the field. However, ProPetro failed to include the day rate or bonuses in calculating the "regular rate" it used to pay overtime to its employees. 29 U.S.C. §§ 207(a) & 207(e). As a consequence, when its hourly workers worked more than 40 hours in a week, they are paid overtime based on an artificially low regular rate. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers as a result of Defendant's violations of the FLSA and NMMWA.

### I. JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331

because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over the state law class action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over the various state sub-classes pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Defendant's corporate headquarters is located in this district and division.

### THE PARTIES

5. Zachary Crow worked for Defendant during the relevant statutory time period in Texas and New Mexico as an operator. Although he regularly worked in excess of 40 hours in a week, ProPetro did not pay him overtime in accordance with the requirements of the FLSA. His consent to be a party plaintiff is attached as Exhibit 1.

6. Plaintiff brings this action on behalf of himself and all other similarly situated employees under 29 U.S.C. § 216(b) of the FLSA (the "FLSA Class"). The class of similarly situated employees that was subjected to the same unlawful policy as Plaintiff is properly defined as:

> **"ALL OPERATORS EMPLOYED BY PROPETRO SERVICES, INC. IN THE PAST THREE (3) YEARS WHO WERE PAID BY THE HOUR AND RECEIVED A DAY RATE OR JOB BONUS."**

7. Plaintiff also brings this action on behalf of all similarly situated employees employed by ProPetro in New Mexico (the "New Mexico Class"). The New Mexico Class that was subjected to the same unlawful policy as Plaintiff is properly defined as:

> **"ALL OPERATORS EMPLOYED BY PROPETRO SERVICES, INC. IN NEW MEXICO OVER THE PAST THREE (3) YEARS WHO WERE PAID BY THE HOUR AND RECEIVED A DAY RATE OR JOB BONUS."**

8. Defendant **ProPetro Services, Inc.**, may be served through its registered agent: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

9. ProPetro operates across the nation.

10. It employs hundreds of workers.

11. ProPetro's workers handle and/or work on goods or materials that moved in, or were produced for, interstate commerce.

12. For example, many of ProPetro's employees use gloves, hand tools, high-pressure test equipment, lifts, steel-toe boots, and wrenches that moved in, or were produced for, commerce.

13. ProPetro does more than 1 million dollars in business each year.

14. Since "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA[,]" *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 501–02 (5th Cir.1975), it would be silly for an employer with multi-state operations like ProPetro to waste this Court's time arguing it is not a covered enterprise.

15. Crow worked for ProPetro as an Operator.

16. ProPetro recorded the hours worked by Crow.

17. ProPetro paid Crow hourly and overtime based on his hourly rate.

18. In addition to his hourly rate, ProPetro paid Crow a day rate or bonuses for days worked out in the field.

19. Crow regularly worked more than 40 hours a week.

20. ProPetro typically scheduled Crow for 12 hours of work a day.

21. While working in the oilfield, Crow typically worked at least 12 hours a day.

22. Crow regularly worked 7 days in a single week.

23. As a result, Crow regularly worked 84 (or more) hours a week.

24. ProPetro knew Crow was working overtime since it scheduled him for as many as 84 hours a week and recorded the hours he worked.

25. When Crow worked more than 40 hours in a week, ProPetro paid Crow overtime, but this overtime was only based on Crow's hourly rate.

26. Under the FLSA, ProPetro was required to include these bonuses in calculating Crow's overtime pay. 29 U.S.C. § 207(e); 29 C.F.R. §778.209.

27. ProPetro did not include day rates or job bonuses when calculating Crow's overtime pay.

28. As a result, Crow was paid overtime based only on his hourly rate, rather than his full "regular rate" as required by the FLSA.

29. ProPetro failure to include these bonuses in calculating Crow's overtime pay was no accident.

30. ProPetro's "standard operating procedure" is to calculate overtime without including job bonuses in the workers' regular rates of pay.

31. So although ProPetro's payroll records reflect that Crow regularly worked overtime, was entitled to overtime pay, and received non-discretionary day rates or job bonuses, ProPetro failed to pay Crow overtime as required by the FLSA.

32. Crow worked with other ProPetro workers working schedules similar to his own.

33. ProPetro records the hours worked by its hourly employees.

34. ProPetro regularly schedules the workers in the FLSA Class for 12 hours of work per day.

35. Like Crow, these workers regularly work 7 days per week.

36. ProPetro knew the members of the FLSA Class were working overtime since it scheduled them for as many as 84 hours a week and recorded the hours they worked.

37. ProPetro's records establish the FLSA Class regularly worked more than 40 (in fact, often more than 80) hours in a week.

38. Like Crow, the workers in the FLSA Class receive day rates and job bonuses.

39. ProPetro was required to include these bonuses in calculating overtime pay for the FLSA Class. 29 U.S.C. § 207(e); 29 C.F.R. §778.209.

40. But because ProPetro's payroll department's standard operating procedure is to calculate overtime without including job bonuses in the workers' regular rates of pay, the FLSA Class was denied overtime pay for the same reason as Crow was.

41. ProPetro knew, or showed regardless disregard for whether, its policy of excluding bonuses when calculating overtime pay violated the FLSA.

42. The members of the New Mexico Class are all entitled to overtime after 40 hours in a week. Because ProPetro uniformly denied the New Mexico Class overtime for all hours worked over 40 hours in a work week, Plaintiff and the New Mexico Class are similarly situated within the meaning of the NMMWA.

43. ProPetro employed numerous employees like Plaintiff throughout the United States over the past three (3) years, including in New Mexico. The members of both the FLSA Class and the New Mexico Class are geographically disbursed, residing and working in multiple states.

44. Because the members of the FLSA Class and/or New Mexico Class do not have fixed work locations, these individuals may work in different states across the country in the course of a given year.

45. Numerous employees have been victimized by ProPetro's pattern, practice, and policy of failing to pay overtime for all hours worked over 40 which are in willful violation of the FLSA and NMMWA.

46. Numerous other employees who worked with Plaintiff have indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

47. Based on his experiences and tenure with ProPetro, Plaintiff is aware that the illegal practices or policies of Defendant that have been imposed on the FLSA Class and the New Mexico Class.

48. Plaintiff's experiences are therefore typical of the experiences of the FLSA Class and the New Mexico Class.

49. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class and New Mexico Class. Like each member of the proposed classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

50. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and ProPetro will retain the proceeds of its violations of the FLSA.

51. Absent a class action, many members of the New Mexico Class likely will not obtain redress of their injuries and ProPetro will retain the proceeds of its violations of the NMMWA.

52. Individual litigation would be unduly burdensome to the judicial system.

53. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

54. The questions of law and fact common to each member of the FLSA Class and New Mexico Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

> (a) Whether ProPetro employed Putative Class Members within the meaning of the applicable state and federal statutes, including the NMMWA and FLSA;
>
> (b) Whether ProPetro violation of the FLSA and/or NMMWA was willful; and
>
> (c) Whether ProPetro's failure to pay Plaintiff and the Putative Class Members overtime pay due to them by virtue of their uniform exclusion of total compensation from the regular rate of pay violated the FLSA or NMMWA.

55. Plaintiff's claims are typical of the members of both the FLSA Class and New Mexico Class. Plaintiff and members of the FLSA Class and New Mexico Class have sustained damages arising out of ProPetro's illegal and uniform employment policy.

56. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

57. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## COVERAGE UNDER THE FLSA

58. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

59. At all times hereinafter mentioned, Defendant employed Plaintiff and each of the New Mexico Class Members as an "employee" within the meaning of the FLSA and NMMWA.

60. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

62. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FLSA VIOLATIONS

63. ProPetro employed Plaintiff and each member of the FLSA Class.

64. All members of the FLSA Class are afforded the protections of the FLSA.

65. The members of the FLSA Class are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the FLSA.

66. Because ProPetro uniformly excluded non-discretionary day rates and job bonuses from the regular rate of pay for all hourly employees who worked in the oilfield, Crow and the FLSA Class are similarly situated within the meaning of 29 U.S.C. § 216(b).

67. The foregoing conduct constitutes a willful violation of the FLSA. Due to ProPetro's FLSA violations, Plaintiff and the FLSA Class are entitled to recover from ProPetro their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

**NMMWA VIOLATIONS**

68. Plaintiff brings this claim under the NMMWA as a Rule 23 class action. The conduct alleged violates the New Mexico Minimum Wage Act (NMMWA) (N.M.S.A. 1978 § 50-4).

69. At all relevant times, ProPetro was subject to the requirements of the NMMWA.

70. At all relevant times, ProPetro employed Plaintiff, and each member of the New Mexico Class, as an "employee" within the meaning of the NMMWA.

71. The NMMWA requires an employer like ProPetro to pay all non-exempt employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. N.M.S.A. 1978 § 50-4-22(D).

72. ProPetro had a policy and practice of failing to properly pay overtime to Plaintiff and the New Mexico Class for hours worked in excess of 40 hours per workweek.

73. Plaintiff and each member of the NMMWA Class are entitled to overtime pay under the NMMWA for all hours worked in excess of 40 hours in a week based on all remuneration received.

74. Plaintiff and each member of the NMMWA Class seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiff and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by ProPetro, as provided by the NMMWA.

## JURY DEMAND

76. Plaintiff demands a trial by jury.

## RELIEF SOUGHT

77. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class to permit them to join this action by filing a written notice of consent;

   b. An order certifying Plaintiff's claims under the NMMWA as a class action under Rule 23 and appointing Plaintiff as the class representative and his counsel as Class Counsel;

c. A judgment against ProPetro pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those members of the FLSA Class who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff, attorney fees, costs, and pre- and post-judgment at the highest rates allowed by law;

d. A judgment against ProPetro pursuant to the NMMWA finding Defendant liable for unpaid back wages due to Plaintiff and all members of the New Mexico Class, attorney fees, costs, penalties, and pre- and post-judgment at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Lindsay R. Itkin**
    State Bar No. 24068647
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Jessica M. Bresler**
    State Bar No. 24090008
    **FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fibichlaw.com
    litkin@fibichlaw.com
    adunlap@fibichlaw.com
    jbresler@fibichlaw.com

    **AND**

    **Richard J. (Rex) Burch**
    State Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**