UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ZACHARY CROW, Individually and On Behalf of Others Similarly Situated, | CASE NO: 7:15-cv-00149-RAJ<br>COLLECTIVE ACTION |
| v. | JUDGE ROBERT A. JUNELL |
| PROPETRO SERVICES, INC. | MAGISTRATE DAVID COUNTS |

_____

**CROW'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL FURTHER RESPONSES TO HIS FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PROPETRO AND REQUEST FOR ATTORNEY FEES AND COSTS**

_____

Respectfully submitted,

| | |
|---|---|
| **BRUCKNER BURCH PLLC** | **FIBICH, LEEBRON, COPELAND,** |
|    Richard J. (Rex) Burch | **BRIGGS & JOSEPHSON** |
|    Texas Bar No. 24001807 |    Michael A. Josephson |
|    Matthew S. Parmet |    Texas Bar No. 24014780 |
|    Texas Bar No. 24069719 |    Andrew W. Dunlap |
| 8 Greenway Plaza, Ste. 1500 |    Texas Bar No. 24078444 |
| Houston, Texas 77046 | 1150 Bissonnet |
| Telephone: (713) 877-8788 | Houston, Texas 77005 |
| Telecopier: (713) 877-8065 | Telephone: (713) 751-0025 |
| rburch@brucknerburch.com | Telecopier: (713) 751-0030 |
| mparmet@brucknerburch.com | mjosephson@fibichlaw.com |
| | adunlap@fibichlaw.com |

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| A. | SUMMARY | ................................................................................................................ | 1 |
| B. | ARGUMENT & AUTHORITIES | ................................................................................... | 1 |
| | 1. | ProPetro's partial production is not the same as responding to discovery requests............ | 1 |
| | 2. | Providing information in briefing is not the same as responding to discovery.................... | 1 |
| | 3. | ProPetro cannot defend its evasive, form general and individual objections. ..................... | 3 |
| | 4. | ProPetro provides no authority to support withholding of prior wage claims and putative class member information. ........................................................................... | 4 |
| | 5. | Crow exhausted informal routes before resorting to court intervention............................. | 4 |
| C. | CONCLUSION | ..................................................................................................... | 5 |

## TABLE OF EXHIBITS

| Ex. | Document |
|---|---|
| A | ProPetro's Responses to Pl.'s First Set of Interrogatories, Feb. 22, 2016 |
| B | ProPetro's Responses to Pl.'s First Set of Requests for Production, Feb. 22, 2016 |
| C | Meet-and-Confer Correspondence to ProPetro, Mar. 15, 2016 |
| D | Decl. of Matthew S. Parmet, Apr. 4, 2016 |
| E | Meet-and-Confer Correspondence, Mar. 15, 2016 |
| F | Follow-up correspondence, Mar. 21, 2016 |
| G | Follow-up correspondence, Apr. 4, 2016 |
| H | Decl. of Matthew S. Parmet, Apr. 22, 2016 |

A. **SUMMARY**

It has now been well over a month (and several correspondence and phone calls) since Crow's Counsel requested that ProPetro amend and supplement its discovery responses. Even after the filing of Crow's Motion, ProPetro has done nothing to fix its facially deficient and evasive answers and responses. Court intervention is necessary to ensure that ProPetro does not continue to evade its discovery obligations.

B. **ARGUMENT & AUTHORITIES**

1. **ProPetro's partial production is not the same as responding to discovery requests.**

ProPetro hangs its hat on the fact that it has produced around 800 pages in discovery in response to **some of** Crow's discovery requests. Doc. 29, at § II(I); *see generally* Ex. B.

But that is not the standard for discovery. ProPetro has refused to provide documents and information for routine discovery requests. Several other responses, are completely evasive and misleadingly worded, such that Crow has no idea what ProPetro is producing and what it is hiding *See, e.g., Weems v. Hodnett*, C.A. No. 10-CV-1452, 2011 WL 3100554, at *1-2 (W.D. La. Jul. 25, 2011). Yet ProPetro still refuses to fix its responses.

In all, producing any amount of documents does not excuse ProPetro from fulfilling all of its discovery obligations—whether that be responding to **all** requests or drafting **nonevasive** answers.

2. **Providing information in briefing is not the same as responding to discovery.**

For the first time in its motion, ProPetro makes certain unqualified statements, such as: it has not withheld any privileged materials (*see* Doc. 29, at § II(D)); it provided a verification (that apparently did not find its way to Crow's Counsel) (*id.* at § II(E)); and that it has been unable to locate documents responsive to several categories of document requests (*Id.* at § II(F)).

Yet ProPetro's responses contain none of this information. ProProPetro's very first general objection states that privileged materials will be withheld. Never has ProPetro indicated to Crow's that

it believed it had produced a verification to Crow's discovery requests. And any number of the responses referenced by ProPetro do not indicate what efforts were made to locate materials or that none were found—they just refuse to provide any answer.[1]

More questions remain. Why is Crow just finding out about this now? Why did ProPetro force Crow to file a motion when it could have avoided the expense and delay by telling Crow's Counsel this information six weeks ago? And why, if ProPetro's Counsel has known this information, do its responses remain unamended and unsupplemented? ProPetro's Response leaves these and other questions without answer.

If indeed, the assertions set forth in ProPetro's Responses briefing is true, then ProPetro should have—and without the necessity of Court intervention—timely and completely supplemented its discovery responses. Its failure to do so only adds its fundamental inability to comply with its basic discovery obligations:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response[ ] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ….

FED. R. CIV. P. 26(e)(1).

Crow is entitled to have ProPetro itself make these assertions in its discovery responses. Its continuing refusal to amend or supplement its responses with known information has led directly to the necessity of Court-ordered relief.

---

[1] For only the responses listed in section II(I) of ProPetro's response (there are others complained of by Crow), see Ex. A, Rog 3, and Ex. B, RFPs 15, 36, 38, 39, 45, which state **only**:

> Defendant objects to this Interrogatory as vague, overly broad, unduly burdensome, harassing, and not reasonably limited in scope. Defendant further objects to this Interrogatory because it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

### 3. ProPetro cannot defend its evasive, form general and individual objections.

ProPetro cites no authority that supports the assertion that general, form objections asserted indiscriminately to discovery requests are proper. *See* Doc. 29, at § II(A), (B), (C). And there is none.

Authority throughout the Fifth Circuit and elsewhere is clear that a party must register targeted, specific objections to each individual request. *E.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-86 (5th Cir. 1990); *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). But ProPetro has not done so, instead relying on global objections presented as a preface to its discovery responses and non-tailored, generic objections lodged to each individual discovery requests. Both are improper under the Rules and precedent.

Regarding its individualized objections, ProPetro attempts to cherry-pick its responses to make its them seem less offensive. *See* Doc. 29, at § II(C). For example, ProPetro claims that in response to questions regarding "Class Members," it objected to the fact that no class has yet been certified, but responded regarding Plaintiffs Crow and Gonzalez. **Not true**. For example, responses to Interrogatories 3, 4, 21, and 24, without responding as to Crow or Gonzalez, all lodge variations of the following objection:

> Defendant objects to this Interrogatory as vague, overly broad, unduly burdensome, harassing, and not reasonably limited in scope. Defendant further objects to this Interrogatory because it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

The same is true of requests for production such as number 40. So ProPetro's contention that it has responded regarding current plaintiffs is simply not borne out by looking at its responses. No answers to these and other requests are provided.

ProPetro's blanket and overbroad objections should be removed so that the remaining answer is clear for Crow and the Court. *Flava Works, Inc. v. Gunter*, 2013 WL 5770558 (N.D. Ill. Oct. 24, 2013).

4. **ProPetro provides no authority to support withholding of prior wage claims and putative class member information.**

ProPetro's response makes clear that it has no basis on which to withhold information regarding putative class members and prior wage claims—both of which are routinely produced in FLSA cases. *See* Doc. 29, at § II(F), (G). Indeed, ProPetro cites not a single case in support. *See id.*

Regarding prior wage claims, **any prior incident may be relevant.** *Bingham v. Jefferson Cnty., Tex.*, No. 1:11-cv-48, 2013 WL 1312563, at *16 (E.D. Tex. Mar. 1, 2013) ("Prior violations of the FLSA can be used to support a finding … that the employer was put on notice of the FLSA's requirements."). Case law is clear that there is simply no bright line cutting off any temporal, geographic, or other limitation. *See, e.g., Chao v. A-One Medical Svcs., Inc.*, 346 F.3d 908, 919 (9th Cir. 2003) ("[W]e find probative A-One's former FLSA violations, even if they were different in kind from the instant one and not found to be willful."), *cert denied* 541 U.S. 1030 (2004); *Sealey v. EmCare, Inc.*, No. 2:11-cv-00120, 2013 WL 164040, at *2 (S.D. Tex. Jan. 14, 2013) (looking at violations several years before, in a different state, and involving a separate class of employees).

Likewise, Crow is entitled to information for putative class members, who are similarly situated employees and have information about job duties, hours worked, and compensation structure. *E.g., Titre v. S.W. Bach & Co.*, No. 05-80077-CIV-MARRA/SELTZER, 2005 WL 1692508, at *2 (S.D. Fla. Jul. 20, 2005). Information about such potential class members is Courts "almost universally" provided even without certification. *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003).

5. **Crow exhausted informal routes before resorting to court intervention.**

ProPetro knows well that Crow's Counsel engaged in prolonged, good faith attempts to resolve this dispute prior to filing this Motion, as is borne out by the record:

Mar. 15, 2016:  Crow's Counsel sent a detailed meet-and-confer letter to ProPetro's Counsel regarding discovery deficiencies. Ex. E. Crow's letter requested that ProPetro respond by March 29, 2016. *Id.* at *7.

Mar. 21, 2016:  Crow's Counsel sent a follow-up email regarding discovery responses. Ex. F.

Mar. 22, 2016: Crow's Counsel had a conference call with ProPetro's Counsel, in which ProPetro's Counsel said that he had not reviewed the letter, but would do so in the future. Ex. D, Parmet Decl., at ¶ 12.

Mar. 23, 2016: Crow's Counsel had a follow-up call with Propetro's Counsel. At that time, ProPetro's Counsel indicated that revised discovery responses would be forthcoming in the following week. *Id.* at ¶ 12.

Apr. 4, 2016: Crow's Counsel had another call with ProPetro's Counsel regarding, *inter alia*, the discovery responses. ProPetro's Counsel indicated that revised and supplemental responses might be provided by April 8. *Id.* at ¶ 13.

Apr. 4, 2016: Following their call, Crow's Counsel again emailed ProPetro's Counsel, forwarded the prior correspondence, and requested revised or supplemental discovery responses by April 8, 2016. *Id.* at ¶ 14.

Apr. 8, 2016: ProPetro's second promised supplementation date passes. Crow files his motion to compel. Doc. 22.

Apr. 15, 2016: ProPetro responds to Crow's Motion to Compel. Doc. 29.

Apr. 22, 2016: To date, ProPetro has not revised its discovery responses, including to provide the information set forth in its Response. *See* Doc. 29, at *6-8.

So **Crow patiently waited 24 days for ProPetro to provide supplemental answers and responses** before filing his motion to compel. And even given the information that ProPetro provides in its response to Crow's Motion—which establishes that ProPetro has information that has not been set forth in its discovery responses—ProPetro has still yet to update a single discovery document. *See* Ex. H, Parmet Decl., at ¶ 5. It is simply indisputable that Crow exhaustively attempted to confer before seeking Court assistance.

C.   CONCLUSION

ProPetro's Response confirms that it has information that has yet to be provided in discovery. And ProPetro cannot defend its facially deficient responses on the grounds that it has provided documents in response to **some of** Crow's discovery requests. That's not how discovery works. The Court should compel ProPetro to amend and supplement its responses and order attorney fees, costs, and sanctions accordingly.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Matthew S. Parmet*
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
Matthew S. Parmet
Texas Bar No. 24069719
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:    (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
mparmet@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,
       BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
Telephone:    (713) 751-0025
Telecopier:   (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

On April 22, 2016, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Matthew S. Parmet*
_____
Matthew S. Parmet